## IN THE COURT OF APPEALS OF IOWA

No. 22-1689
Filed November 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLE MICHELLE HOSKINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.

        Nichole Hoskins appeals her conviction for forgery.  **AFFIRMED.**

        Agnes Warutere of Warutere Law Firm P.L.L.C., Ankeny, for appellant.

        Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., Tabor, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**BOWER, Chief Judge.**

Nichole Hoskins appeals her conviction for forgery. Upon our review, we affirm.

## I. Background Facts and Proceedings

In January 2022, Hoskins applied for rental and utility assistance through a COVID-19 pandemic relief program administered by the Planning and Housing division of the City of Ames. As part of this application, Hoskins was required to provide supporting documentation showing she had either been diagnosed with COVID-19 or her work hours had been reduced as a result. To show she had contracted COVID-19, Hoskins submitted an "After Visit Summary" from a supposed January 2022 medical appointment. Upon review of the summary, investigators with the Ames Police Department determined the document had been forged. There were numerous inconsistencies: medical information was clearly copied and pasted from outside sources, and Hoskins' contact information and marital status were incorrectly reported. Additionally, investigators reached out to the named medical provider, which reported Hoskins had not been seen at the facility on the date she claimed.

After interviewing Hoskins, the State filed a trial information charging her with one count of forgery and one count of tampering with records. A jury found her guilty on both counts. Hoskins appeals, challenging the sufficiency of the evidence to support her forgery conviction.

## II. Standard of Review

We review the sufficiency of the evidence for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). "Under this standard, the

court is highly deferential to the jury's verdict. We will affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* Evidence is substantial if it may convince a rational person of the defendant's guilt beyond a reasonable doubt. *Id.* In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the State. *Id.* The question is whether the evidence supports the finding the jury made, not whether it would support a different finding. *Id.*

### III.    Sufficiency of the Evidence

In determining whether Hoskins was guilty of forgery, the jury was instructed as follows:

> 1. On or about January 18 and 24, 2022[,] Nichole Hoskins transferred a writing affecting legal relationships.
> 2. Nichole Hoskins' act made the writing affecting legal relations appear to be a copy of an original when no original existed; and
> 3. Nichole Hoskins specifically intended to defraud or injure the Planning and Housing division of the City of Ames.

*See* Iowa Code § 715A.2 (2022) (defining forgery). The jury found the State had proven all elements of forgery. On appeal, Hoskins challenges whether a medical record is a "writing" affecting a "legal relationship" and therefore whether substantial evidence exists to support her conviction.

Specifically, Hoskins argues the summary she provided was "merely a supplement that was requested once the initial application had been submitted," and "a common sense reading [of Iowa's forgery statute] would imply" the statute only applies to "the transfer of a deed or title, or a legal document of that nature." This argument directly contradicts the text of the statute.

Iowa Code chapter 715A clearly encompasses a much larger swath of documents than Hoskins contends. As the State correctly notes, section 715A.1(6) broadly defines "writing" to include "printing or any other method of recording information, and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks, and other symbols of value, right, privilege, or identification." Here, the summary clearly qualifies as a "printing or other method of recording information." "Forgery is an aggravated misdemeanor if the writing purports to be a will, deed, contract, release, commercial instrument, or any other writing or other document evidencing, creating, transferring, altering, terminating, or otherwise affecting legal relations." Iowa Code § 715A.2(2)(b).

Hoskins also claims that no legal relationship existed between herself and the city because she merely submitted an application form for rental assistance. Hoskins mistakenly argues that there can be no legal relationship between herself and the city because no "contract" was formed between them. Contract theory is an inappropriate vehicle for her arguments, as no contract is at issue in this case.

A grantor-grantee relationship was established by Hoskins at the time she submitted her application for rental assistance. The summary was a critical part of that relationship to determine whether Hoskins was eligible to receive the funds for which she was applying. *Cf. State v. Dickman*, 75 A.3d 780, 790–92 (Conn. App. Ct. 2013) (finding that a medical certificate containing a physician's putative signature, which identified the date the defendant could return to work from medical leave due to injury, was an instrument that affected defendant's legal right or interest in workers' compensation benefits, supporting a conviction of second-degree forgery). Here, a reasonable jury could infer from the totality of the

circumstances that Hoskins intended to defraud the city by submitting the forged summary.[1]

Viewing the record in the light most favorable to the State, substantial evidence supports Hoskins' conviction for forgery. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Hoskins argues that she cannot be found guilty of forgery because she did not successfully defraud the city. However, a conviction of forgery does not require success, only that a party intend to defraud. *See, e.g., State v. Bolds*, 55 N.W.2d 534, 536 (Iowa 1952).